OPINION
{¶ 1} Appellees, Thomas W. and Sue Ann Strouble, live in the city of Louisville, Ohio. Pursuant to Title 9, Chapter 191, Section 191.03(a) of the Louisville Administrative Code, residents are required to pay income tax on "all salaries, wages, commissions and other compensations earned." Prior to his retirement in 2000, Mr. Strouble was employed by the Timken Company. During the years 1997 to 1999, Mr. Strouble received a supplemental pension fund and paid city income tax on estimated amounts of said fund.
 {¶ 2} In 2000, appellees requested a refund for the years 1997 to 1999 related to the pension fund and contested the inclusion of the pension amount for 2000 as taxable income.
 {¶ 3} On June 13, 2001, Louisville's tax administrator issued a letter to appellees denying their request for a refund and refused to exclude the pension amount from their 2000 tax assessment.
 {¶ 4} On July 9, 2001, appellees filed an appeal with appellant, City of Louisville Board of Tax Review. A hearing was held on August 22, 2001. By decision dated October 15, 2001, appellant denied the appeal.
 {¶ 5} On October 31, 2001, appellees filed an appeal with the Court of Common Pleas of Stark County, Ohio. By judgment entry filed January 10, 2002, the trial court found in favor of appellees, holding appellant erred in assessing income tax on the pension fund amounts.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 7} "THE LOWER COURT MADE MISTAKES OF LAW AND ABUSED ITS DISCRETION IN DECIDING THAT THERE WAS NOT ENOUGH EVIDENCE TO AFFIRM THE TAX REVIEW BOARD'S DECISION ON TAXING INCOME."
 I {¶ 8} Appellant claims the trial court erred in finding its record was insufficient to support the finding that funds received by Mr. Strouble were not pension funds and therefore were subject to income tax.
 {¶ 9} The gravamen of this appeal is whether the record is sufficient to establish as a matter of law that the supplemental pension fund is "income" for purposes of taxation. Appellant determined "no credible evidence or argument was provided" by appellees for a refund. See, Decision dated October 15, 2001, attached to Notice of Appeal filed October 31, 2001.
 {¶ 10} By judgment entry filed January 10, 2002, the trial court found "there does not exist within the record, a preponderance of evidence to support the decision by the Board of Review" that the amount attributable to the supplemental pension fund is "income" and not "pension," as the latter term is not defined in the Louisville Administrative Code.
 {¶ 11} R.C. 2506.02 governs the filing of transcript upon a filing of a notice of appeal from an administrative agency and states as follows:
 {¶ 12} "Within forty days after filing the notice of appeal, the officer or body from which the appeal is taken, upon the filing of a praecipe, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from."
 {¶ 13} A praecipe was filed herein on November 1, 2001. A transcript of the hearing before the Board was not filed. Instead, appellant filed a cassette tape of the hearing. By judgment entry filed December 20, 2001, the trial court ordered appellant to file appellees' "original brief with all the original attachments, along with the cassette of the testimony offered." The trial court held these items would "constitute the complete transcript as intended by R.C. §2506.02."
 {¶ 14} Via this judgment entry, the trial court accepted the cassette tape as meeting the requirements of R.C. 2506.02. However, in an appeal to this court, "[p]roceedings recorded by means other than videotape must be transcribed into written form." App.R. 9(A). To date, the mandate of App.R. 9(A) has yet to be met by appellant.
 {¶ 15} An appellate court's review of an administrative appeal under R.C. 2506.04 is limited to determining "questions of law" which includes whether the trial court abused its discretion in reaching its conclusion, meaning the trial court's attitude was unreasonable, arbitrary, or unconscionable. Henley v. Youngstown Bd. of Zoning Appeals, 90 Ohio St.3d 142, 2000-Ohio-493; Kisil v. Sandusky (1984),12 Ohio St.3d 30. Without benefit of a transcript, the "record submission" filed by appellant contains numerous unidentified documents and other papers. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court's proceedings and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.